1  EDWARD C. SINGER, JR. (SBN 226406)
   THE LEMBI GROUP LEGAL DEPARTMENT
2  2099 Market Street
   San Francisco, CA 94114
3  Telephone: (415) 252-4241

4  Attorneys for Plaintiff

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11

12  DANIEL YELEN,

13            Plaintiff,              CASE NO.

                                      NOTICE OF REMOVAL
14       vs.

15  TROPHY PROPERTIES B10 DE, LLC,;
    CITIAPARTMENTS, INC., and
16  CITIFUNDING, INC.,

17            Defendants.

18

19  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE that Defendants TROPHY PROPERTIES B10 DE, LLC,;

21  CITIAPARTMENTS, INC., and CITIFUNDING, INC, hereby remove to this Court the state court action

22  described below.

23        1.      On April 25, 2008, an action was commenced in the Superior Court of the State of

24  California in and for the City and County of San Francisco entitled DANIEL YELEN v. TROPHY

25  PROPERTIES B10 DE, LLC,; CITIAPARTMENTS, INC., and CITIFUNDING, INC.,, Case No. CGC-

26  08-474666.  A copy of the complaint is attached as Exhibit A.

27        2.      The first date upon which Defendants received a copy of the complaint was April 29,

28  2008, when Defendants were served with a copy of the complaint and summons.  A copy of the

notice of
removal.wpd
                                    NOTICE OF REMOVAL
                                          -1-

1   summons is attached as Exhibit B.

2       3.      This action is a civil action over which this Court has original jurisdiction under 28

3   U.S.C. section 1331, and is one which may be removed to the Court by Defendants pursuant to the

4   provisions of 28 U.S.C. section 1441(b), in that it arises under the Federal Section 8 Voucher Program,

5   42 U.S.C. section 1437f *et seq* and the Supremacy Clause of the Constitution of the United States.

6

7   DATED: May 29, 2008

8

9

10                                      Edward C. Singer, Jr.
                                        Attorney for Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1   STEPHEN L. COLLIER, SB#124887
    TENDERLOIN HOUSING CLINIC, INC.
2   126 Hyde Street, 2nd Floor
    San Francisco, CA  94102
3   Telephone:    (415) 771-9850
    Facsimile:    (415) 771-1287
4
    Attorney for Plaintiff
5   DANIEL YELEN

6                                                            CASE MANAGEMENT CONFERENCE SET

7
                                                             SEP 2 6 200   9 @ AM
8
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                                                            DEPARTMENT 212

10      CITY AND COUNTY OF SAN FRANCISCO — UNLIMITED CIVIL JURISDICTION

11

12   DANIEL YELEN,                        )     Case No.
                                          )
13                  Plaintiff,            )     **COMPLAINT FOR DAMAGES**
                                          )     **AND INJUNCTIVE RELIEF**
14      vs.                               )     [LANDLORD/TENANT]
                                          )
15   TROPHY PROPERTIES B10 DE,            )
16   LLC, a California Limited Liability  )
     Company, CITIAPARTMENTS, INC.,       )
17   a California Corporation,            )
     CITIFUNDING GROUP, INC, a            )
18   California Corporation, and DOES 1   )
     through 30, inclusive.               )
19                                        )
                                          )
20                  Defendants.           )
                                          )
21   _____     )

22                              THE PARTIES

23      1.      Plaintiff Daniel Yelen is a tenant of 355 Fulton Street, San Francisco,

24   California, a residential apartment building (hereinafter the "subject premises"). Plaintiff is a

25   resident of San Francisco, California.

26      2.      On July 28, 1992, plaintiff Daniel Yelen entered into a one-year lease with a

27   predecessor in interest of defendant Trophy Properties B10 DE, LLC, to reside in Apartment

28   #506 at the subject premises. The lease commenced September 1, 1992. On September 1, 1993,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                          1

1  the agreement converted to a month-to-month term by operation of law. Plaintiff's current rent

2  is $782.53 per month.  The rental agreement created a landlord-tenant relationship between

3  plaintiff and defendant Trophy Properties B10 DE, LLC when it purchased the subject

4  premises and continued to accept plaintiff's rent.  Plaintiff has been in continuous possession of

5  Apartment #506 at the subject premises since September 1992.

6      3.    Defendant Trophy Properties B10 DE, LLC is the owner of the subject

7  premises.  Defendant's record ownership commenced on December 6, 2006.

8      4.    Defendants Trophy Properties B10 DE, LLC is a California limited liability

9  company registered in California and doing business in San Francisco.  Defendants

10  CitiApartments, Inc., and CitiFunding Group, Inc., are corporations incorporated in California.

11      5.    Upon information and belief, defendants Trophy Properties B10 DE, LLC,

12  CitiApartments, Inc., and CitiFunding Group, Inc. have their principle place of business in San

13  Francisco, California.  Upon information and belief, CitiApartments, Inc. and CitiFunding

14  Group, Inc., are in the business of managing and operating the subject premises and other

15  properties owned by defendant Trophy Properties B10 DE, LLC, as well as other entities

16  owned by the members of the Trophy Properties B10 DE, LLC. Together with other limited

17  liability companies that own properties managed by CitiApartments, Inc., and Citi Funding

18  Group, Inc., they comprise the Lembi Group of companies.

19      6.    Plaintiff is ignorant of the true names and capacities of defendants sued herein

20  as Does 1 through 30, inclusive, and therefore sues these defendants by such fictitious names

21  under the provisions of the California Code of Civil Procedure section 474.  Plaintiff will seek

22  leave to amend this complaint to allege their true names and capacities when ascertained.

23  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named

24  defendants is responsible in some manner for the occurrences alleged herein, and that plain-

25  tiff's damages as herein alleged were proximately caused by such occurrences.

26      7.    At all times mentioned herein, each of the defendants was the agent of the other

27  defendants and was acting within the course and scope of that agency in undertaking the acts

28  alleged in this Complaint.

COMPLAINT FOR DAMAGESAND INJUNCTIVE RELIEF

FACTUAL BACKGROUND

8.     Plaintiff's tenancy was at all times subject to the San Francisco Residential Rent Stabilization and Arbitration Ordinance, Chapter 37 of the San Francisco Administrative Code, originally enacted June 13, 1979, and amended thereafter (hereinafter, the "Rent Ordinance"). Plaintiff's rent has been stabilized by the Rent Ordinance since his initial occupancy of the apartment, and therefore is well below the market rate for comparable apartments in San Francisco.

9.     Because plaintiff's rent was substantially below market rate, defendants had a strong financial incentive to displace plaintiff from the subject premises.  Under the Rent Ordinance, plaintiff had a right to continue in possession of the subject premises at his rent-controlled rent subject only to the "just causes" for eviction under Chapter 37.9(a) of the Rent Ordinance.  At all relevant times, defendants were aware that they would reap a substantial financial reward should plaintiff vacate the premises.

10.    Plaintiff at all times relevant herein was and is disabled as defined under CA Govt. Code §§12955.3, 12926(i) & (k). Plaintiff has informed defendants of his disabilities. In order to protect his privacy, plaintiff will not state his disability here in this Complaint as it will become a public record.

11.    On December 20, 2007, plaintiff was awarded a Section 8 Housing Choice Voucher pursuant to 42 U.S.C. §1437f. The Section 8 Voucher verifies that plaintiff is eligible to participate in the Housing Choice Voucher program. The purpose of this program is to subsidize plaintiff's rent so that plaintiff would pay no more than 30% of his income in rent to his landlord. The program operates through a housing assistance payments contract entered into between the owner of the apartment and the local housing authority. Through the housing assistance payment contract, the owner would be able to collect from plaintiff and the San Francisco Housing Authority a total rent near that charged on the open market for the San Francisco area as established by the U.S. Department of Housing and Urban Development. Plaintiff would pay 30% of his income towards that rent, and HUD, though the local housing authority, would pay the remainder (i.e. the subsidy).

12.     On December 24, 2007, plaintiff requested that defendants accept his Section 8 Voucher so that he could receive the benefit of a rent subsidy for his apartment. Plaintiff noted in his request that he was disabled and requested that defendants reasonably accommodate his disability and accept the voucher.

13.     Defendant CitiApartments has other tenants in properties it manages that receive rental subsidies based upon the Section 8 program and other similar programs. Upon information and belief, defendants have a policy of not accepting new tenants with Section 8 Vouchers or entering into new housing assistance payments contracts with either existing or new tenants.

14.     On December 28, 2007, defendants rejected plaintiff's request that they accept his voucher. Defendants instead suggested that plaintiff vacate the premises and use the voucher for rent at another building. On February 1, 2008 and March 18, 2008, plaintiff again reiterated his request for accommodation and outlined why acceptance of his voucher would be a required reasonable accommodation on the basis of his specific disabilities. Defendants did not respond to these further requests for accommodation.

15.     The requested accommodation is necessary in order to permit plaintiff to use and enjoy his apartment as a non-disabled tenant would. Due to his disability, plaintiff cannot earn sufficient income to pay his rent and have enough money left over to meet his other living needs. Therefore, he cannot comfortably enjoy his apartment with such a small margin of money separating him from homelessness. Due to his disabilities, he is more susceptible to worries about his financial security, and that negatively impacts his health and well-being and his enjoyment of the premises.

16.     Plaintiff currently spends close to 90% of his income on his rent. Using his Section 8 voucher to assist in his rent payment would allow him to spend only 30% of his income in rent.  The Section 8 subsidy would relieve the negative effects that his disability-created financial condition causes on his physical and mental health.

17.     In refusing to accept plaintiff's Section 8 Voucher, defendants did not consider plaintiff's reasonable accommodation request as required by state and federal law. Defendants

1   did not consider plaintiff's individual needs to see if his requested accommodation might be

2   necessary to allow him to use and enjoy his apartment as a non-disabled tenant would. Instead,

3   defendants refused to consider plaintiff's request outright based upon a policy of never entering

4   into housing assistance payments contracts for tenants with new section 8 Vouchers.

5         18.    Defendants refused to accommodate plaintiff's request with the understanding

6   that if plaintiff could not use his voucher at the subject premises, that he would likely vacate

7   the premises in order to use the voucher at another building where the owner would not

8   discriminate against disabled Section 8 Voucher tenants.  In rejecting plaintiffs' request for

9   reasonable accommodation, defendants did so with the intention of recovering possession of

10   plaintiff's apartment.

11         19.    Defendants' actions as described above constitute a pattern, practice, and policy

12   of housing discrimination on the basis of disability.  As a result of the defendants' actions

13   described above, plaintiff suffered, continues to suffer, and will in the future suffer irreparable

14   loss and injury, including but not limited to anxiety, emotional distress, worry, humiliation,

15   depression, embarrassment, economic loss, loss of use, and deprivation of his rights to equal

16   housing opportunities regardless of disability.

17         20.    In carrying out the conduct described above, defendants acted knowingly,

18   willfully, wantonly, and in conscious or reckless disregard of plaintiff's right to fair housing

19   regardless of disability.

20                     <u>FIRST CAUSE OF ACTION</u>

21      (Violation of California Govt. Code § 12900, et seq., Fair Employment and Housing Act)
                 (Intentional Discrimination on the Basis of Disability)

22

23         21.    Plaintiff realleges and incorporates against all defendants the allegations

24   contained in paragraphs 1 through 20 as though fully set forth herein.

25         22.    Defendants refused to reasonably accommodate plaintiff in violation of Cal.

26   Govt. Code sec. 12927(c), and therefore discriminated against plaintiff on the basis of his

27   disability. Defendants discriminated against plaintiff by refusing to make reasonable

28   accommodations in their rules, policies, practices, or services, in order to afford plaintiff and

other similarly situated tenants and prospective tenants the equal opportunity to use and enjoy their dwelling. Specifically, defendants refused, when specifically asked as a reasonable accommodation, to modify their "No Section 8" policy to permit a disabled tenant to utilize the Section 8 subsidy program at the subject premises.

23.    The conduct of defendants alleged above was done in conscious disregard of plaintiff's rights. Plaintiff is therefore entitled to punitive damages in amounts to be determined at trial.

### SECOND CAUSE OF ACTION

(Violation of Fair Housing and Employment Act, Govt. Code Section 12900 *et seq.*)
(Discriminatory Effect Against the Disabled)

24.    Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 23 as though fully set forth herein.

25.    Defendants' policy of refusing to accept Section 8 Vouchers for any new or existing tenant at its premises has a discriminatory effect against current and prospective disabled tenants. This policy has a discriminatory effect against the disabled because disabled tenants are more likely to need and receive Section 8 Vouchers than non-disabled tenants. Therefore, defendants violated Government Code Section 12955.8.

26.    As a direct and proximate result of defendants' violation of Government Code Section 12955.8, plaintiff was specially injured and suffered discomfort, annoyance, emotional distress, inconvenience, anxiety, economic loss, loss of use, and mental anguish, all to his detriment in amounts to be determined at trial.

27.    The conduct of defendants alleged above was done in conscious disregard of plaintiff's rights. Plaintiff is therefore entitled to punitive damages in amounts to be determined at trial.

### THIRD CAUSE OF ACTION

(Violation of California Civil Code § 51)

28.    Plaintiff realleges and incorporates against all defendants the allegations contained in paragraphs 1 through 27 as though fully set forth herein.

29.    Defendants, in violation of California Civil Code § 51, have discriminated against plaintiff on the basis of his disability.

30.    The conduct of defendants alleged above was done in conscious disregard of plaintiff's rights. Plaintiff is therefore entitled to punitive damages in amounts to be determined at trial.

## FOURTH CAUSE OF ACTION

### (Violation of Civil Code Section 54.1(b))

31.    Plaintiff realleges and incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32.    Plaintiff is, and at all times relevant herein has been, disabled within the meaning of Civil Code Section 54(b) and Government Code §12926.

33.    As a direct and proximate result of defendants' violation of section 54.1, plaintiff was specially injured and suffered discomfort, annoyance, inconvenience, anxiety, economic loss, loss of use, and mental anguish, humiliation, all to his detriment in amounts to be determined at trial.

34.    The conduct of defendants alleged above was done in conscious disregard of plaintiff's rights. Plaintiff is therefore entitled to punitive damages in amounts to be determined at trial.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

35.    Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36.    In engaging in the conduct alleged herein, defendants acted with full knowledge or substantial certainty of the extreme mental suffering their acts would cause plaintiff.

37.    As a direct and proximate result of defendants' conduct, plaintiff was specially injured and suffered pain, discomfort, annoyance, inconvenience, anxiety, economic loss, loss of use, and mental anguish, all to his detriment in amounts to be determined at trial.

38.     The conduct of defendants alleged above was deliberate, willful and malicious. Plaintiff is therefore entitled to punitive damages in amounts to be determined at trial.

SIXTH CAUSE OF ACTION

(Breach of the Covenant of Good Faith and Fair Dealing)

39.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40.     Defendants' actions alleged above unfairly interfered with and frustrated plaintiff's right to receive the benefits of his rental agreement.

41.     As a direct and proximate result of this conduct, plaintiff is in danger of losing the opportunity to use his Section 8 Voucher at the premises.

42.     The conduct of defendants alleged above was deliberate, willful, and malicious. By reason thereof, plaintiff is entitled to exemplary damages in amounts to be determined at trial.

SEVENTH CAUSE OF ACTION

(Violation of San Francisco Admin. Code §37.9)

43.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.     Defendants endeavored to recover possession of plaintiff's apartment in a manner not permitted under the San Francisco Rent Ordinance and with a dominant purpose which is not permitted under the Rent Ordinance. Defendants thereby violated San Francisco Administrative Code Chapter 37, Section 37.9.

45.     Section 37.9(f) of the San Francisco Administrative Code provides for an award of not less than three times the actual damages for violation of Section 37.9, and plaintiff is entitled to not less than three times plaintiff's actual damages.

46.    Defendants acted in reckless disregard for plaintiff's rights under the San Francisco Rent Ordinance, and plaintiff is thereby entitled to three times his damages for emotional distress.

47.    Section 37.9(f) of the San Francisco Administrative Code provides for the award of reasonable attorney's fees to the prevailing party to any action brought under this section. Plaintiff is thereby entitled to a reasonable attorney's fee.

48.    The conduct of defendants alleged above was deliberate, willful, and malicious. By reason thereof, plaintiff is entitled to exemplary damages in amounts to be determined at trial.

## EIGHTH CAUSE OF ACTION

### (Breach of Covenant of Quiet Enjoyment)

49.    Plaintiff realleges and reincorporates herein the allegations of paragraphs 1 through 48 above as though fully set forth herein by this reference.

50.    The rental agreement between plaintiff and defendants contained an implied covenant that defendants not commit acts so as to deprive plaintiff of the free and peaceable use and enjoyment of the subject premises.

51.    By committing the acts heretofore alleged, defendants breached said covenant and are liable to plaintiff.

52.    As a direct and proximate result of said acts, plaintiff has been damaged as heretofore set forth above.

## NINTH CAUSE OF ACTION

### (Negligence)

53.    Plaintiff realleges and reincorporates herein the allegations of paragraphs 1 through 19, 22, 25, 26, 29, 32, 33, 40, 41, 44, 45, and 50 through 52, above as though fully set forth.

54.    Defendants, as owners and managers of the subject property had a duty at law to provide Plaintiff with quiet use and enjoyment of the subject property, and to comply with all state and local laws regarding the management of the property.

55.     Defendants, by committing the acts heretofore alleged, breached this duty. As a direct and proximate result of said breach of duty, plaintiff has suffered damages as is heretofore set forth.

## TENTH CAUSE OF ACTION

### (Unfair Business Practices)

56.     Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 55 as though fully set forth herein.

57.     Plaintiff brings this cause of action under Bus. & Prof. Code sections 17200 *et seq.* as s private person affected by the acts described in this Complaint. Plaintiff has suffered injury in fact and lost money or property as a result of defendants' unlawful business practices.

58.     At all times relevant herein, defendants were conducting business under the laws of the State of California and of the City and County of San Francisco.  In conducting said business, defendants were obligated to comply with the laws of the State of California and the City and County of San Francisco.

59.     By the conduct alleged above, defendants have engaged in unlawful, unfair and deceptive business practices.

60.     As a direct and proximate result of said practices, plaintiff has been and will be damaged.

61.     Pursuant to Bus. & Prof. Code § 17203, plaintiff seeks restitution of excess rents paid, as well as money and property lost. Plaintiff also seeks injunctive relief prohibiting defendants from engaging in unfair business practices in the future, and requiring defendants to reasonably accommodate disabled tenants in the future.

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1.     Under the First and Second Causes of Action

    a.     General and special damages in amounts to be determined at trial.

    b.     Punitive damages in amounts to be determined at trial.

    c.     Injunctive relief requiring defendants to accept plaintiff's Section 8 voucher.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                                                    10

1        d.      Reasonable attorneys fees.

2    2.   Under the Third Cause of Action:

3        a.      Three times actual damages, and in no case less than four thousand dollars,

4                pursuant to Civil Code §52(a).

5        b.      Reasonable attorneys fees pursuant to Civil Code §52(a)

6    3.   Under the Fourth Cause of Action

7        a.      Injunctive relief requiring defendants to accept plaintiff's Section 8 voucher.

8    4.   Under the Fifth and Sixth Causes of Action

9        a.      General and special damages in amounts to be determined at trial.

10       b.      Punitive damages in amounts to be determined at trial.

11   5.   Under the Seventh Cause of Action

12       a.      Not less than three times actual damages.

13       b.      Reasonable attorneys fees.

14       c.      An injunction prohibiting defendants from endeavoring to recover possession of

15               plaintiff's apartment by refusing to accept his Section 8 Voucher.

16   6.   Under the Eighth and Ninth Causes of Action

17       a.      General and special damages in amounts to be determined at trial.

18   7.   Under the Tenth Cause of Action:

19       a.   For an injunction prohibiting defendants from engaging in the unlawful business

20               practices alleged and requiring defendants to reasonably accommodate disabled

21               tenants in the future.

22       b.   Restitution of all money or property acquired from plaintiff by defendants as a

23               result of the unlawful business practices.

24

25   Date: April 23, 2008

26                                          Stephen L. Collier
                                            Attorney for Plaintiff
27

28

1  STEPHEN L. COLLIER, SB#124887
   TENDERLOIN HOUSING CLINIC, INC.
2  126 Hyde Street, 2nd Floor
   San Francisco, CA  94102
3  Telephone:    (415) 771-9850
   Facsimile:    (415) 771-1287
4
   Attorney for Plaintiff
5  DANIEL YELEN

6

7

8
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
10      CITY AND COUNTY OF SAN FRANCISCO — UNLIMITED CIVIL JURISDICTION

11

12  DANIEL YELEN,                          )   Case No. CGC-08-474666
13                                         )
                         Plaintiff,        )   **STATEMENT OF DAMAGES**
14                                         )
            vs.                            )
15                                         )
    TROPHY PROPERTIES B10 DE,              )
16  LLC, a California Limited Liability    )
    Company, CITIAPARTMENTS, INC.,         )
17  a California Corporation,              )
    CITIFUNDING GROUP, INC, a              )
18  California Corporation, and DOES 1     )
    through 30, inclusive.                 )
19                                         )
                                           )
20                       Defendants.       )
                                           )
21

22

23      NOTICE TO DEFENDANT CITIAPARTMENTS, INC:

24      The damages sought by plaintiff in the above-entitled case are as follows:

25      General Damages in the amount of $50,000.

26      Special Damages in the amount of $50,000.

27

28

---

STATEMENT OF DAMAGES (CITIAPARTMENTS, INC)                                    1

1    Plaintiff also reserves the right to seek $50,000 in punitive damages when plaintiff

2    seeks judgment in the suit filed against you.

3

4

Date: April 28, 2008

5    _____

     Stephen L. Collier
6    Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATEMENT OF DAMAGES (CITIAPARTMENTS, INC)                                    2



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TROPHY PROPERTIES B10 DE, LLC, a California Limited Liability Company, CITIAPARTMENTS, INC., a California Corporation, CITIFUNDING GROUP, INC, a California Corporation, and DOES 1 through 30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Daniel Yelen

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102-4515

**CASE NUMBER:**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Stephen L. Collier, Esq., Tenderloin Housing Clinic, 126 Hyde Street, 2nd Floor, San Francisco, CA 94102, (415) 771-9850

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* APR 2 5 2008 | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify): *Citiapartments Inc., a California corporation*

3. ☑ on behalf of (specify):

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.  www.USCourtForms.com