EDWARD C. SINGER, JR. (SBN 226406)
THE LEMBI GROUP LEGAL DEPARTMENT
2099 Market Street
San Francisco, CA 94114
Telephone: (415) 252-4241

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL YELEN,<br><br>   Plaintiff,<br><br> vs.<br><br>TROPHY PROPERTIES B10 DE, LLC,;<br>CITIAPARTMENTS, INC., and<br>CITIFUNDING, INC.,<br><br>   Defendants. | CASE NO.  CV 08-2699<br><br>ANSWER AND AFFIRMATIVE DEFENSES |

  Defendants Trophy Properties B10 DE, LLC; CitApartments, Inc., and CitiFunding, Inc., answer and affirmatively allege as follows:

ANSWER

  1. Defendants admit paragraphs 1, 2, 3 and 4, 8 , 12, 58, of Plaintiff's Complaint.

  2. Defendants deny paragraphs 6, 7, 9, 17, 19, 20, 22, 23, 25, 26, 27, 29, 30, 33, 34, 36, 37, 38, 40, 41, 42, 44, 45, 46, 47, 48, 50, 51, 52, 55, 57, 59, 60, 61 of Plaintiff's complaint and each allegation therein.

  3. Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraphs 11, 15, 16, and 32, of Plaintiff's complaint and, therefore, deny the allegations therein.

4. Regarding paragraph 5 of Plaintiff's complaint, Defendants admit that Trophy Properties B10 DE, LLC, CitiApartments, Inc., and CitiFunding Group, Inc. have their principal place of business in San Francisco, California. Defendants deny the remaining allegations of paragraph 5.

5. Regarding paragraph 6 of Plaintiff's complaint, Defendants admit that Plaintiff informed Defendant Trophy Properties B10 DE, LLC that Plaintiff allegedly suffered from an unidentified disability. Defendants are without knowledge or information sufficient to form a belief as to the truth of remaining allegations of paragraph 6 and, therefore, deny them.

6. Regarding paragraph 10 of Plaintiff's complaint, Defendants admit that Plaintiff informed Defendant Trophy Properties B10 DE, LLC that Plaintiff allegedly suffered from an unidentified disability. Defendants are without knowledge or information sufficient to form a belief as to the truth of remaining allegations of paragraph 10 and, therefore, deny them.

7. Regarding paragraph 13 of Plaintiff's complaint, Defendants admit that Trophy Properties B10 DE, LLC, has a policy of not signing new section 8 contracts. Defendants deny the remaining allegations of paragraph 13.

8. Regarding paragraph 14 of Plaintiff's complaint, Defendants admit that Trophy Properties B10 DE, LLC, refused to sign a section 8 contract on behalf of Plaintiff. Defendants further admit that Trophy Properties B10 DE, LLC, sent a letter that concluded "I understand that Mr. Yelen's section 8 voucher is not limited to his current resident. If Mr. Yelen finds a building that will accept his section 8 voucher, the building owner will be flexible regarding Mr. Yelen's move out date." Defendants deny the remaining allegations of paragraph 14.

9. Regarding paragraph 54 of Plaintiff's complaint, Defendant Trophy Properties B10 DE, LLC, as owner and manager of the property had a duty to comply with all laws regarding management of property. Defendants deny the remaining allegations of paragraph 54.

10. Regarding paragraphs 21, 24, 28, 31, 35, 39, and 43 of Plaintiff's complaint, which merely reallege earlier paragraphs, Defendants admit and deny said paragraphs to the extent admitted and denied above.

11. To the extent not admitted or denied above, Defendants deny each and every other allegation of Plaintiff's complaint.

## AFFIRMATIVE DEFENSES

12. For a first affirmative defense, Defendants allege that all of Plaintiff's causes of action are preempted by federal law, which makes participation in the section 8 program voluntary for building owners.

13. For a second affirmative defense, Defendants allege that all of Plaintiff's causes of action fail to allege facts sufficient to state a claim.

14. For a third affirmative defense, Defendants allege that Plaintiff contributed to his own damages by refusing to secure housing from a willing section 8 provider.

15. For a fourth affirmative defense, Defendants allege that Plaintiff failed to mitigate his damage by refusing to secure housing from a willing section 8 provider.

WHEREFORE; Defendants pray for a judgment of and against Plaintiff under which Plaintiff take nothing and Defendant receive an award of costs.

DATED: June 12, 2008

/s/ Edward C. Singer, Jr
Edward C. Singer, Jr.
Attorney for Defendants