1  STEPHEN L. COLLIER, SB#124887
   TENDERLOIN HOUSING CLINIC, INC.
2  126 Hyde Street, 2nd Floor
   San Francisco, CA  94102
3  Telephone:    (415) 771-9850
   Facsimile:    (415) 771-1287
4
   Attorney for Plaintiff
5  DANIEL YELEN

6

7

8
                    UNITED STATES DISTRICT COURT
9
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11

12  DANIEL YELEN,                     )  Case No. C 08-02699 WDB
                                      )
13              Plaintiff,            )  **NOTICE OF MOTION AND
                                      )  MOTION TO REMAND CASE TO
14      vs.                           )  STATE COURT AFTER REMOVAL;
                                      )  MEMORANDUM OF POINTS AND
15  TROPHY PROPERTIES B10 DE,         )  AUTHORITIES**
    LLC, a California Limited Liability )
16  Company, CITIAPARTMENTS, INC.,    )  Date:  September 17, 2008
    a California Corporation,          )  Time:  3:00 p.m.
17  CITIFUNDING GROUP, INC, a         )  Courtroom:  4, Oakland, CA
    California Corporation, and DOES 1 )
18  through 30, inclusive.            )
                                      )
19              Defendants.           )
                                      )
20  _____ )

21

22      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23      PLEASE TAKE NOTICE that on September 17, 2008 at 3:00 p.m., in Courtroom 4 of

24  the United States District Court for the Northern District of California, 1301 Clay Street,

25  Courtroom No. 4, Oakland, California, plaintiff Daniel Yelen will move this Court to remand

26  this action back to state court on the grounds that this Court lacks subject matter jurisdiction

27  over the action.

28

NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT AFTER REMOVAL;
MEMORANDUM OF POINTS AND AUTHORITIES                                              1

1          This motion is brought pursuant to 28 U.S.C. § 1447(c) on the grounds that the Court

2    lacks subject matter jurisdiction over the action under 28 U.S.C. § 1331, and is based on this

3    Notice of Motion, the accompanying Memorandum of Points and Authorities, the Complaint

4    filed this action, and any argument or evidence presented at the hearing of this motion.

5
   Date: June 27, 2008

6                                         Stephen L. Collier
                                     Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   STEPHEN L. COLLIER, SB#124887
    TENDERLOIN HOUSING CLINIC, INC.
2   126 Hyde Street, 2nd Floor
    San Francisco, CA  94102
3   Telephone:    (415) 771-9850
    Facsimile:    (415) 771-1287
4
    Attorney for Plaintiff
5   DANIEL YELEN

6

7

8                        UNITED STATES DISTRICT COURT
9
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11

12   DANIEL YELEN,                      )   Case No. C 08-02699 WDB
                                        )
13                     Plaintiff,       )   **PLAINTIFF'S MEMORANDUM IN**
                                        )   **SUPPORT OF MOTION TO**
14          vs.                         )   **REMAND TO STATE COURT**
                                        )
15   TROPHY PROPERTIES B10 DE,          )   Date:  September 17, 2008
     LLC, a California Limited Liability )   Time:  3:00 p.m.
16   Company, CITIAPARTMENTS, INC.,     )   Courtroom:  4, Oakland, CA
     a California Corporation,          )
17   CITIFUNDING GROUP, INC, a          )
     California Corporation, and DOES 1 )
18   through 30, inclusive.             )
                                        )
19                     Defendants.      )
                                        )
20   _____)

21

22

23

24

25

26

27

28

     **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND TO STATE COURT**

1

<u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3
4

I.    INTRODUCTION ............................................................................................. 1

5

II.   STATEMENT OF FACTS ............................................................................... 1

6

III.  ARGUMENT ................................................................................................... 5

7

    A.    This Action Does Not Arise Under the Laws of the United States ....................... 5

8
9

       1.    The Well-Pleaded Complaint Does Not Present a Federal Question. ........ 5

10

       2.    Plaintiff's State Law Claims Do Not Require Resolution of a Substantial Federal Question. .................................................................................. 6

11

       3.    Plaintiff Is Entitled to Fees and Costs Incurred in Filing this Motion ....... 8

12

IV.   CONCLUSION ................................................................................................ 9
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1                                  <u>TABLE OF AUTHORITIES</u>

2                                                                              <u>Page(s)</u>

3     **Cases**

4

5     *Attorney General v. Brown,*
           *400 Mass. 826, 511 N.E.2d 1103 (1987)* ................................................... 7

6     *Bryant v. Britt,*
7          *420 F.3d 161 (2nd Cir. 2005)* ..................................................................... 9

8     *Caterpillar, Inc. v. Williams,*
           *482 U.S. 386 (1987)* ............................................................................... 6, 8
9

      *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,*
10         *545 U.S. 308 (2005)* ........................................................................... 6, 7, 8

11    *Gritchen v. Collier,*
12         *254 F.3d 807 (9th Cir. 2001)* ................................................................. 5, 8

13    *Martin v. Franklin Capital Corporation,*
           *546 U.S. 132, 141 (2005)* ........................................................................... 9
14

      *Merrell Dow Pharmaceuticals Inc. v. Thompson,*
15         *478 U.S. 804 (1986)* ............................................................................... 5, 7

16    *Metropolitan Life Ins. Co. v. Taylor,*
           *481 U.S. 58 (1987)* ................................................................................. 5, 7
17

18    *Montgomery County v. Glenmont Hills Associates Privacy World,*
           *402 Md. 250, 273, 936 A.2d 325 (2007)* ..................................................... 7
19

20    *Salute v. Stratford Greens Garden Apartments,*
           *136 F.3d 293, 298-99 (2nd Cir. 1998)* ........................................................ 7

21    *Smith v. Kansas City Title & Trust Co.,*
           *255 U.S. 180 (1921)* .................................................................................. 7
22

23    *Stallworth v. Greater Cleveland Regional Transit Authority,*
           *105 F.3d 252 (6th Cir. 1997)* ..................................................................... 9

24
      *Stevenson v. San Francisco Housing Authority,*
25         *24 Cal.App.4th 269 (1994)* ....................................................................... 7

26    *The Fair v. Kohler Die & Specialty Co.,*
           *228 U.S. 22 (1913)* .................................................................................... 6
27

28    *Transit Exp., Inc. v. Ettinger,*
           *246 F.3d 1018 (7th Cir. 2001)* ................................................................... 6

**Statutes**

28 U.S.C. § 1447(c) ................................................................................................ 8

28 U.S.C. §1331 ............................................................................................... 1, 5, 8

28 U.S.C. §1441(b) ................................................................................................ 1

42 U.S.C. §1437f ......................................................................................... passim

42 U.S.C. §1437f(d)(1)(B)(ii) ................................................................................. 8

Cal. Bus. & Prof. Code §17200 ......................................................................... 1, 5

Cal. Govt. Code § 12900 ..................................................................................... 1, 5

Cal. Govt. Code § 12926(i) ..................................................................................... 2

Cal. Govt. Code § 12926(k) .................................................................................... 2

Cal. Govt. Code §12927(c) ..................................................................................... 4

Cal. Govt. Code §12955.3 ....................................................................................... 2

California Civil Code § 51 .................................................................................. 1, 5

California Civil Code § 54.1 ............................................................................... 1, 5

S.F. Admin Code Chapter 37, §37.9 .................................................................. 1, 2

1

## I.

2

## INTRODUCTION

3        Plaintiff is a residential tenant in a building owned and operated by defendants. This

4    action arises from defendants' failure to accommodate plaintiff's disability as required under

5    the Fair Employment and Housing Act, Cal. Govt. Code § 12900, et seq., and the Unruh Civil

6    Rights Act, California Civil Code §§ 51, 54.1. Plaintiff also seeks damages under these statutes

7    as well as for intentional infliction of emotional distress, breach of the covenant of good faith

8    and fair dealing, breach of the covenant of quiet enjoyment, negligence, and violation of the

9    San Francisco Rent Control Ordinance, S.F. Admin Code Chapter 37, §37.9 (hereinafter, the

10    "Rent Ordinance"). He also seeks injunctive relief under the Unfair Competition Law (UCL),

11    Cal. Bus. & Prof. Code §17200, et seq.

12        Defendants removed this action originally filed in the San Francisco Superior Court to

13    this court pursuant to 28 U.S.C. §1441(b), on the ground that the action arises under the

14    Section 8 Voucher Program, 42 U.S.C. §1437f.  However, no federal claims are pled in the

15    complaint. As no federal claim is alleged in the complaint, and as there is no substantial

16    question of federal law, this court has no subject matter jurisdiction under 28 U.S.C. §1331.

17    Therefore, the case should be remanded back to state court.

## II.

18

## STATEMENT OF FACTS[1]

19        Plaintiff Daniel Yelen is a tenant of 355 Fulton Street, San Francisco, California, a

20    residential apartment building (hereinafter the "subject premises"). On July 28, 1992, plaintiff

21    entered into a one-year lease with a predecessor in interest of defendant Trophy Properties B10

22    DE, LLC, to reside in Apartment #506 at the subject premises. The lease commenced

23    September 1, 1992. On September 1, 1993, the agreement converted to a month-to-month term

24    by operation of law. Plaintiff's current rent is $782.53 per month.  Plaintiff has been in

25    continuous possession of Apartment #506 at the subject premises since September 1992.

26

27

28    [1] The Statement of Facts is taken from the Complaint *Yelen v. Trophy Properties B10 DE, et al.*, filed in San Francisco Superior Court, No. CGC-08-474666.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND TO STATE COURT        1

1    Defendant Trophy Properties B10 DE, LLC is the owner of the subject premises.

2    Defendant's record ownership commenced on December 6, 2006. Defendants Trophy

3    Properties B10 DE, LLC is a California limited liability company registered in California and

4    doing business in San Francisco.  Defendants CitiApartments, Inc., and CitiFunding Group,

5    Inc., are corporations incorporated in California. CitiApartments, Inc. and CitiFunding Group,

6    Inc., are in the business of managing and operating the subject premises and other properties

7    owned by defendant Trophy Properties B10 DE, LLC, as well as other entities owned by the

8    members of Trophy Properties B10 DE, LLC. Together with other limited liability companies

9    that own properties managed by CitiApartments, Inc., and Citi Funding Group, Inc., they

10    comprise the Lembi Group of companies.

11    Plaintiff's tenancy was at all times subject to the Rent Ordinance. Plaintiff's rent has

12    been stabilized by the Rent Ordinance since his initial occupancy of the apartment, and

13    therefore is well below the market rate for comparable apartments in San Francisco. Because

14    plaintiff's rent was substantially below market rate, defendants had a strong financial incentive

15    to displace plaintiff from the subject premises.  Under the Rent Ordinance, plaintiff had a right

16    to continue in possession of the subject premises at his rent-controlled rent subject only to the

17    "just causes" for eviction under Chapter 37.9(a) of the Rent Ordinance.  At all relevant times,

18    defendants were aware that they would reap a substantial financial reward should plaintiff

19    vacate the premises.

20    Plaintiff is disabled as defined under Cal. Govt. Code §§12955.3, 12926(i) & (k).

21    Plaintiff has informed defendants of his disabilities. In order to protect his privacy, plaintiff did

22    not state his disabilities in the Complaint.

23    On December 20, 2007, plaintiff was awarded a Section 8 Housing Choice Voucher

24    pursuant to 42 U.S.C. §1437f.  The Section 8 Voucher verifies that plaintiff is eligible to

25    participate in the Housing Choice Voucher program. The purpose of this program is to

26    subsidize plaintiff's rent so that plaintiff would pay no more than 30% of his income in rent to

27    his landlord. The program operates through a housing assistance payments contract entered into

28    between the owner of the apartment and the local housing authority. Through the housing

1  assistance payment contract, the owner would be able to collect from plaintiff and the San

2  Francisco Housing Authority a total rent near that charged on the open market for the San

3  Francisco area as established by the U.S. Department of Housing and Urban Development.

4  Plaintiff would pay 30% of his income towards that rent, and HUD, though the local housing

5  authority, would pay the remainder (i.e. the subsidy).

6        On December 24, 2007, plaintiff requested that defendants accept his Section 8

7  Voucher so that he could receive the benefit of a rent subsidy for his apartment. Plaintiff noted

8  in his request that he was disabled and requested that defendants reasonably accommodate his

9  disability and accept the voucher.

10        Defendant CitiApartments has other tenants in properties it manages that receive rental

11  subsidies based upon the Section 8 program and other similar programs. Defendants have a

12  policy of not accepting new tenants with Section 8 Vouchers or entering into new housing

13  assistance payments contracts with either existing or new tenants.

14        On December 28, 2007, defendants rejected plaintiff's request that they accept his

15  voucher. Defendants instead suggested that plaintiff vacate the premises and use the voucher

16  for rent at another building. On February 1, 2008 and March 18, 2008, plaintiff again reiterated

17  his request for accommodation and outlined why acceptance of his voucher would be a

18  required reasonable accommodation on the basis of his specific disabilities. Defendants did not

19  respond to these further requests for accommodation.

20        The requested accommodation is necessary in order to permit plaintiff to use and enjoy

21  his apartment as a non-disabled tenant would. Due to his disability, plaintiff cannot earn

22  sufficient income to pay his rent and have enough money left over to meet his other living

23  needs. Therefore, he cannot comfortably enjoy his apartment with such a small margin of

24  money separating him from homelessness. Due to his disabilities, he is more susceptible to

25  worries about his financial security, and that negatively impacts his health and well-being and

26  his enjoyment of the premises.

27        Plaintiff currently spends close to 90% of his income on his rent. Using his Section 8

28  voucher to assist in his rent payment would allow him to spend only 30% of his income in rent.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND TO STATE COURT     3

1    The Section 8 subsidy would relieve the negative effects that his disability-created financial

2    condition causes on his physical and mental health.

3    In refusing to accept plaintiff's Section 8 Voucher, defendants did not consider

4    plaintiff's reasonable accommodation request as required by state and federal law. Defendants

5    did not consider plaintiff's individual needs to see if his requested accommodation might be

6    necessary to allow him to use and enjoy his apartment as a non-disabled tenant would. Instead,

7    defendants refused to consider plaintiff's request outright based upon a policy of never entering

8    into housing assistance payments contracts for tenants with new section 8 Vouchers.

9    Defendants refused to accommodate plaintiff's request with the understanding that if

10    plaintiff could not use his voucher at the subject premises, that he would likely vacate the

11    premises in order to use the voucher at another building where the owner would not

12    discriminate against disabled Section 8 Voucher tenants.  In rejecting plaintiffs' request for

13    reasonable accommodation, defendants did so with the intention of recovering possession of

14    plaintiff's apartment.

15    Defendants refused to reasonably accommodate plaintiff in violation of Cal. Govt. Code

16    §12927(c), and therefore discriminated against plaintiff on the basis of his disability.

17    Defendants discriminated against plaintiff by refusing to make reasonable accommodations in

18    their rules, policies, practices, or services, in order to afford plaintiff and other similarly

19    situated tenants and prospective tenants the equal opportunity to use and enjoy their dwelling.

20    Specifically, defendants refused, when specifically asked as a reasonable accommodation, to

21    modify their "No Section 8" policy to permit a disabled tenant to utilize the Section 8 subsidy

22    program at the subject premises.

23    Defendants' actions as described above constitute a pattern, practice, and policy of

24    housing discrimination on the basis of disability.  As a result of the defendants' actions

25    described above, plaintiff suffered, continues to suffer, and will in the future suffer irreparable

26    loss and injury, including but not limited to anxiety, emotional distress, worry, humiliation,

27    depression, embarrassment, economic loss, loss of use, and deprivation of his rights to equal

28    housing opportunities regardless of disability.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND TO STATE COURT                4

1   In carrying out the conduct described above, defendants acted knowingly, willfully,

2   wantonly, and in conscious or reckless disregard of plaintiff's right to fair housing regardless of

3   disability.

4       Plaintiff seeks damages and injunctive relief under the following state law causes of

5   action: Fair Employment and Housing Act, Cal. Govt. Code § 12900, et seq., the Unruh Civil

6   Rights Act, California Civil Code §§ 51, 54.1, intentional infliction of emotional distress,

7   breach of the covenant of good faith and fair dealing, breach of the covenant of quiet

8   enjoyment, negligence, violation of the Rent Ordinance, and the Unfair Competition Law

9   (UCL), Cal. Bus. & Prof. Code §17200, et seq. Plaintiff pled no federal causes of action or

10  violation of any federal statute.

### III.

### ARGUMENT

**A.    This Action Does Not Arise Under the Laws of the United States.**

**1.    The Well-Pleaded Complaint Does Not Present a Federal Question.**

In order to establish subject matter jurisdiction based upon a federal question under 28
U.S.C. §1331, the federal question must appear upon a fair reading of the well-pleaded
complaint. *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808 (1986). The
"well-pleaded complaint rule" is the basic principle marking the boundaries of the federal
question jurisdiction of the federal district courts. *Metropolitan Life Ins. Co. v. Taylor,* 481
U.S. 58, 63 (1987).

A defense that raises a federal question is inadequate to confer federal jurisdiction. *Id;*
*Gritchen v. Collier,* 254 F.3d 807, 812 (9th Cir. 2001). The "vast majority" of cases that come
within this grant of jurisdiction are claims that arise under a law that creates the cause of
action. *Merrell Dow Pharmaceuticals, supra,* 478 U.S. at 808. Since a defendant may remove a
case only if the claim could have been brought in federal court, 28 U.S.C. § 1441(b), the
question for removal jurisdiction must also be determined by reference to the "well-pleaded
complaint." *Id.*

1    Here, there is no allegation that the defendants violated any federal law, or that

2 plaintiff's claims arise under the Constitution or laws of the United States. Plaintiff may avoid

3 federal jurisdiction by exclusively relying on state law claims in his complaint. *Caterpillar,*

4 *Inc. v. Williams,* 482 U.S. 386, 389 (1987). "The party who brings a suit is master to decide

5 what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25 (1913).

6    No violation of federal law is pled by the complaint. There is no allegation that

7 defendants violated any statute or regulation regarding the Section 8 Housing Voucher

8 program, 42 U.S.C. §1437f. The complaint alleges that defendants refused to reasonably

9 accommodate plaintiff's disability and accept his Section 8 Voucher in violation of California

10 disability laws. "The mere existence of a federal regulatory framework does not convey federal

11 jurisdiction over contractual disputes between private parties that are ancillary to the

12 governmental interest." *Transit Exp., Inc. v. Ettinger,* 246 F.3d 1018, 1024 (7th Cir. 2001). The

13 fact that there are federal funds "lurking in the background" cannot serve as an independent

14 basis for establishing jurisdiction. *Id.* at 1026. Therefore the action should be remanded to state

15 court.

16    2.    **Plaintiff's State Law Claims Do Not Require Resolution of a Substantial Federal Question.**

17

18    The only exception to the above rules that could arguably apply to this case is where the

19 state law claim necessarily raises a substantial and disputed federal issue.

20    The question is does the state law claim necessarily raise a stated
federal issue, actually disputed and substantial, which a federal
21    forum may entertain without disturbing any congressionally
approved balance of federal and state judicial responsibilities.

22    *Grable & Sons Metal Products, Inc. v. Darue Engineering &
Manufacturing,* 545 U.S. 308, 314 (2005).

23    In order to determine whether this exception applies, the court must first look to see

24 whether the state law claim "necessarily" raises a federal issue. The federal issue must actually

25 be in dispute. *Id.* at 313-15. This typically occurs where the state law claims are based upon a

26 violation of a federal law. Here, plaintiff's claim is based entirely on the defendants' failure to

27 accommodate his disability by accepting his Section 8 voucher. No issue is presented as to the

28

1  validity of the voucher or whether defendants violated any rules regarding the voucher program

2  in rejecting plaintiff's reasonable accommodation request. In *Grable & Sons Metal Products,*

3  *Inc., supra,* at 315, and *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 200-02 (1921),

4  the state law relief requested was *based on* the defendant's violation of federal law. In *Grable*

5  *& Sons, supra,* the federal violation was "essential" to the claim. Here, liability is not based

6  upon the violation of any statute or regulation regarding the voucher program. There is no

7  dispute that plaintiff is entitled to the voucher and no allegation that defendant violated any

8  rules regarding the program. Therefore, the action does not "necessarily" raise a federal issue.

9        In order to meet the exception, defendants must also meet a second requirement that the

10  federal issue is "substantial." *Grable & Sons Metal Products, Inc., supra,* at 313, 314. The

11  "substantial" federal issue is one that has a "serious federal interest in claiming the advantages

12  thought to be inherent in a federal forum." *Id.* at 313. Here, there is no substantial federal

13  interest.

14        The federal courts look to various factors to determine the substantiality of the interest.

15  For instance, where a federal law completely preempts state law, such as ERISA, that is an

16  indicia of a substantial federal interest. See *Metropolitan Life Insurance Co., supra,* 481 U.S. at

17  64-67. Here, the Section 8 voucher program does not preempt state law, except where it is in

18  direct conflict with it. *Stevenson v. San Francisco Housing Authority,* 24 Cal.App.4th 269, 280-

19  81 (1994); *Attorney General v. Brown,* 400 Mass. 826, 511 N.E.2d 1103, 1105-06 (1987);

20  *Montgomery County v. Glenmont Hills Associates Privacy World,* 402 Md. 250, 273, 936 A.2d

21  325 (2007). There is no direct conflict here.

22        Another indicia of the substantiality of the federal interest and a congressional intent to

23  permit federal jurisdiction is whether a private right of action is permitted under the federal

24  statute promoted as the basis for jurisdiction. *Merrell Dow Pharmaceuticals, Inc., supra,* 478

25  U.S at 812. Here, 42 U.S.C. § 1437f does not expressly grant a private right of action in favor

26  of Section 8 certificate holders, *Salute v. Stratford Greens Garden Apartments,* 136 F.3d 293,

27  298-99 (2nd Cir. 1998). Therefore there is no express intention on the part of Congress to

28  permit federal jurisdiction. Where there is a combination of no federal cause of action and no

1  preemption of state law remedies, jurisdiction is improper. *Grable & Sons Metal Products,*

2  *Inc., supra,* at 318.

3       Defendants may argue that provisions in 42 U.S.C. § 1437f provide a defense to

4  plaintiff's claims. However, the law is clear that under the "well-pleaded complaint" rule,

5  raising a defense based upon a federal issue does not confer subject matter jurisdiction under

6  28 U.S.C. §1331. Removal is not available where only a defense raises constitutional or

7  federal issues. *Caterpillar Inc., supra,* 482 U.S. at 392-93; *Gritchen, supra,* 254 F.3d at 812.

8       Lastly, defendants must also show that granting federal jurisdiction will not disrupt the

9  balance between state and federal jurisdiction which forms the basis of our federal system.

10  *Grable & Sons Metal Products, Inc., supra,* at 314, 317. This determination requires

11  "sensitive" and "careful judgments," *Id.* at 317, regarding "the disruptive portent in exercising

12  federal jurisdiction." *Id.* at 314. Where the exercise of jurisdiction would create "a shift of

13  traditionally state cases into federal courts, with an increase volume of federal litigation," *Id.* at

14  319, the court should recognize that such a shift would be inconsistent with congressional

15  intent not to preempt and occupy the field, or create a private right of action in federal law, and

16  remand the case to state court. *Id.*

17       Defendants' argument in this case would justify removing to federal court every dispute

18  between a landlord and a holder of a Section 8 voucher simply because a determination

19  regarding the rules and regulations of the voucher program could be important to resolving the

20  dispute. For example, a Section 8 tenant facing eviction for "other good cause" under the

21  program, 42 U.S.C. §1437f(d)(1)(B)(ii), could remove the case to federal court because the

22  determination of what constitutes other good cause is arguably a matter of importance to the

23  federal program. The federal courts would be flooded with eviction cases. Clearly, the fact that

24  the Section 8 voucher program is an underlying fact in this state law discrimination claim is not

25  sufficient to confer federal jurisdiction.

26       **3.**    **Plaintiff Is Entitled to Fees and Costs Incurred in Filing this Motion.**

27       A district court may award attorneys' fees under 28 U.S.C. § 1447(c) where the

28  removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin*

1    *Capital Corporation,* 546 U.S. 132, 141 (2005). Here, no objectively reasonable basis for

2    removal exists. Moreover, plaintiff is in danger of losing his Section 8 voucher if he does not

3    use it. Removal delays resolution of this issue and threatens plaintiff's voucher.

4        The court retains jurisdiction following remand to consider an award of costs and fees.

5    *Bryant v. Britt,* 420 F.3d 161, 165 (2nd Cir. 2005); *Stallworth v. Greater Cleveland Regional*

6    *Transit Authority,* 105 F.3d 252, 257 (6th Cir. 1997). Therefore plaintiff requests that this

7    Court hold further hearing on a fee and cost request if it orders remand to state court.

8                                         **IV.**

9                                    **CONCLUSION**

10       Having no basis for federal question jurisdiction, defendants' removal to this Court was

11   improper, and the case should be remanded back to state court.

12

13

Date: June 30, 2008                    _____

14                                      Stephen L. Collier
                                        Attorney for Plaintiff
15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>AFFIDAVIT OF SERVICE</u>

I declare that: I am employed in the City and County of San Francisco, California. I am over the age of eighteen years, and am not a party to the action entitled below. My business address is 126 Hyde Street, 2nd Floor, San Francisco, California, 94102.

On June 30, 2008, I served the attached document(s):

**NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT AFTER REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES**

Case No. C 08-02699 WDB

☒ **BY MAIL**    By causing a true copy thereof to be placed in an envelope addressed to the Addressee designated below at his/her/its business address, and by having said envelope sealed and deposited with postage thereon fully prepaid in the United States Postal Service to the place so addressed.

☐ **BY FAX**    By causing a true copy of said document(s) to be sent via facsimile to the phone numbers listed below.

☐ **BY PERSONAL SERVICE**:    By causing a true copy of said document to be personally delivered to the Addressee designated below at her business/residence address.

<u>ADDRESSEE(S)</u>:

Edward Singer, Esq.
The Lembi Group Legal Department
2099 Market Street
San Francisco, CA  94114

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:  June 30, 2008                        _Steven Shubert_
                                                            Steven Shubert

AFFIDAVIT OF SERVICE