STEPHEN L. COLLIER, Cal. Bar #124887
TENDERLOIN HOUSING CLINIC, INC.
126 Hyde Street, 2nd Floor
San Francisco, CA 94102
Telephone:  (415) 771-9850
Facsimile:   (415) 771-1287

Attorney for Plaintiff
DANIEL YELEN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL YELEN,<br><br>    Plaintiff,<br><br>vs.<br><br>TROPHY PROPERTIES B10 DE, LLC, a California Limited Liability Company, CITIAPARTMENTS, INC., a California Corporation, CITIFUNDING GROUP, INC, a California Corporation, and DOES 1 through 30, inclusive.<br><br>    Defendants. | Case No. C 08-02699 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: September 19, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8, 19th Floor |

Plaintiff Daniel Yelen, by and through his attorney of record, Stephen L. Collier, and defendants Trophy Properties B10 DE, LLC, et al., by and through their attorney of record, Edward Singer, submit the following Joint Case Management Statement.

    1.    **Jurisdiction and Service:**

The basis for the Court subject matter jurisdiction over plaintiff's claims and defendants' counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and if any parties remain to be served, a proposed

JOINT CASE MANAGEMENT STATEMENT    1

*deadline for service.* Defendants removed this case to federal court on the allegation of federal question jurisdiction. Plaintiff disputes defendants' claim that this Court has federal question jurisdiction over the subject matter of this action. Plaintiff's Motion To Remand case to State Court has been filed and is scheduled for hearing on September 9, 2008, the date of the Case Management Conference. All parties have been served and have appeared in the action.

2.  **Facts:**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.* Plaintiff Daniel Yelen is a residential tenant living in an apartment building owned and managed by defendants, located at 355 Fulton Street, San Francisco, California. Plaintiff alleges he is disabled as defined by the California Fair Employment Housing Act, Govt. Code § 12900, *et seq.* On December 20, 2007, plaintiff was awarded a Section 8 Housing Choice Voucher pursuant to 42 U.S.C. § 1437f. The Section 8 voucher program subsidizes plaintiff's rent so that plaintiff would pay no more than 30% of his income in rent to his landlord. Because plaintiff pays more than 30% of his income in rent to defendants, he requested that defendants accept his Section 8 voucher. Defendants refused to sign a lease with Section 8. Plaintiff requested that, as a reasonable accommodation under the Fair Employment Housing Act, that defendants modify their policy of refusing to sign new Section 8 leases, and accept his Section 8 voucher. Defendants refused. Plaintiff contends that defendants' refusal to sign a Section 8 lease was a discriminatory failure to accommodate his disability. Defendants contend that they are not required to sign a Section 8 lease under Section 8 regulations. Defendants also deny that they discriminated against defendant. Plaintiff seeks damages and injunctive relief.

3.  **Legal Issues:**

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.* Plaintiff contends that this Court lacks subject matter jurisdiction over his claims. Plaintiff's complaint pleads only state law causes of action. Defendants contend that because the action concerns a Section 8 voucher issued

**JOINT CASE MANAGEMENT STATEMENT** 2

1 pursuant to 42 U.S.C. § 1437f, that this Court has federal question jurisdiction. The parties are
2 not diverse. A pending Motion To Remand is scheduled for September 19, 2008, the date of
3 the Case Management Conference.
4     If the Court determines that it does have subject matter jurisdiction and does not
5 remand the case back to state court, then the legal issue involved is whether defendants failed
6 to reasonable accommodate plaintiff on the basis of his disability by refusing to accept his
7 Section 8 lease, and whether CitiApartments and CitiFunding are proper parties. Defendants
8 rely on *Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293 (2nd Cir. 1998). Plaintiff
9 relies on *Giebler v. M&B Associates*, 343 F.3d 1143 (9th Cir. 2003), *Feeland v. Sisao LLC*
10 (2008) W.L. 906 746 (E.D.N.Y. 2008), *Graoch Associates #33 L.P. v. Louisville/Jefferson*
11 *County Metro Human Relations Commission*, 508 F.3d 366 (6th Cir. 2007).
12     **4.**    **Motions:**
13     *All prior and pending motions, their current status and any anticipated motions.*
14 Plaintiff filed a Motion to Remand currently pending for hearing on the date of the Case
15 Management Conference. The parties anticipate cross-motions for summary judgment and/or
16 adjudication should the case not be remanded.
17     **5.**    **Amendment of Pleadings:**
18     *The extent to which parties, claims, or defenses are expected to be added or dismissed*
19 *and a proposed deadline for amending the pleadings.* This will depend upon the court's ruling
20 on the motion to remand. Should the case not be remanded, federal claims may be added.
21     **6.**    **Evidence Preservation:**
22     *Steps taken to preserve evidence relative to the issues reasonably evident in this action,*
23 *including introduction of any document/destruction program and any ongoing erasures of e-*
24 *mails, voicemails and other electronically recorded material.* The parties will maintain all
25 documents and e-mails and prohibit their destruction.
26
27
28 **JOINT CASE MANAGEMENT STATEMENT**                       3

7. **Disclosures:**

*Whether there has been full and timely compliance with the initial disclosure requirements of FRCP 26 and a description of the disclosures made.* Plaintiff has fully complied with his Initial Disclosures. His disclosures included a statement of all witnesses, a production of documents to defendants, and calculation of plaintiff's damages. Defendants will have these disclosures served by the deadline.

8. **Discovery:**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to FRCP 26(f).* No discovery has been taken to date. If the Motion To Remand is denied, the parties submit the following discovery plan.

    a.    Plaintiff made his Initial Disclosures on August 25, 2008.

    b.    Plaintiff will seek discovery on policies, practices and procedures regarding the Section 8 voucher program in buildings owned, operated or managed by defendants or their agents, and as to existing tenants of defendants who are currently or formerly were on Section 8 vouchers. Such discovery will be conducted through written interrogatories, requests for production of documents, and depositions of persons most knowledgeable. Plaintiff does not anticipate any need for phased discovery.

    c.    The parties do not anticipate any issues regarding the disclosure or discovery of electronically stored information.

    d.    Plaintiff anticipates that defendants will assert a trade secret or proprietary privilege with regards to the policies and procedures regarding the Section 8 program. Plaintiff contends that such privileges are inapplicable and/or invalid.

JOINT CASE MANAGEMENT STATEMENT    4

e.   The parties do not anticipate any need at this time for changes in the limitations imposed by FRCP with regards to discovery. Should such changes be necessary, the parties will meet and confer and so inform the Court.

f.   The parties anticipate no other discovery orders required at this time. There may be a need in the future for orders regarding privilege objections and protective orders.

9.  **Class Actions:**

This is not a class action.

10. **Related Cases:**

*Any related cases or proceedings pending before another Judge of this Court, or before another Court or Administrative body.* Other tenants of defendants have brought a similar lawsuit which defendant removed to the Federal Court, *Marina Perls v. Citiproperties I, LLC,* CV08-3200.

11. **Relief:**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.* Plaintiff is seeking injunctive relief requiring defendants to accept his Section 8 voucher and allow him to participate in the Section 8 voucher program as a tenant at the property. Plaintiff is also seeking damages based on the difference between his current rent of $782.53 per month and 30% of his income. This monthly differential is to be multiplied over the expected term of his continued tenancy. Plaintiff is also seeking damages for emotional distress, worry, frustration, and disappointment from the discriminatory refusal to accept his Section 8 voucher.

JOINT CASE MANAGEMENT STATEMENT                     5

**12. Settlement and ADR:**

*Prospects for settlement, ADR efforts to date, and specific ADR plan for the case, including compliance with ADR Local Rule 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.* The parties anticipate that settlement will hinge on legal rulings regarding whether disability discrimination laws can be used to require defendants to accept a Section 8 housing voucher. The parties have met and conferred with regards to ADR in compliance with Local Rule 3-5. Plaintiff would consent to Early Neutral Evaluation.

**13. Consent to Magistrate Judge for All Purposes:**

*Defendants have already refused to consent to the Magistrate Judge initially assigned to the case.*

**14. Other References:**

*Whether the case is suitable for reference to binding arbitration, a Special Master, or the Judicial Panel on Multi-District Litigation.* As the complaint seeks injunctive relief, binding arbitration is not appropriate and the parties see no reason for a Special Master or assignment to the Judicial Panel on Multi-District Litigation.

**15. Narrowing of Issues:**

*Issues that may be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), any request to bifurcate issues, claims or defenses.* Plaintiff believes that the underlying facts regarding his disability and entitlement to a Section 8 voucher are without dispute and can be presented through summaries or stipulated facts. Plaintiff anticipates that damages will be contested. The parties contest legal issues regarding defendants' liability.

**16. Expedited Schedule:**

*Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.* Plaintiff requests that the issue of federal question jurisdiction should be determined promptly so that the case is not delayed further.

JOINT CASE MANAGEMENT STATEMENT                                       6

17. **Scheduling:** [Proposed]

Designation of experts: February 27, 2009.

Discovery cutoff: March 31, 2009

Hearing of dispositive motions: April 24, 2009.

Pretrial Conference: May 22, 2009

Trial: June 15, 2009

18. **Trial:**

*Whether the case will be tried to a jury or to the Court and the expected length of the trial.* Plaintiff requests a jury trial, and anticipates trial will last 5 to 7 days.

19. **Disclosure of Non-party Interested Entities or Persons:**

Plaintiff has filed a "Certification of Interested Entities or Persons". The contents of this Certification is that plaintiff is unaware of any interested entities or persons in the case other than the named parties.

20. **Such Other Matters that May Facilitate A Just, Speedy and Inexpensive Deposition of this Matter:**

None at this time.

Dated: August 25, 2008

Stephen L. Collier
Attorney for Plaintiff

Dated: August 25, 2008

Edward Singer
Attorney for Defendants

JOINT CASE MANAGEMENT STATEMENT                                              7

# CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2008, a copy of the foregoing:

**JOINT CASE MANAGEMENT STATEMENT**

was served electronically on defendants Trophy Properties B10 DE, LLC, CitiApartments, Inc., CitiFunding Group, Inc., by serving their attorney, Edward Singer, at the e-mail address submitted to the Court.

/s/
Mercy M. Gonzales

**JOINT CASE MANAGEMENT STATEMENT** 1