1  EDWARD C. SINGER, JR. (SBN 226406)
   THE LEMBI GROUP LEGAL DEPARTMENT
2  2099 Market Street
   San Francisco, CA 94114
3  Telephone: (415) 252-4241

4  Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DANIEL YELEN, | |
|---|---|
| Plaintiff, | CASE NO.  CV 08-02699 CRB |
| vs. | OPPOSITION TO MOTION TO REMAND |
| TROPHY PROPERTIES B10 DE, LLC,; CITIAPARTMENTS, INC., and CITIFUNDING, INC., | Date: September 19, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, California |
| Defendants. | |

I.   INTRODUCTION.

   Plaintiff's complaint expressly seeks injunctive relief requiring Defendants to sign a contract with, and participate in, the Federal Housing Choice Program as set forth in section 8 of the United States Housing Act.  Because Plaintiff's well-pleaded complaint specifically invokes a federal right or privilege, this matter falls under this court's federal question jurisdiction.  Moreover, Plaintiff's effort to force Defendants to participate in a program that Congress intended as voluntary raises a substantial federal question, which also triggers this court's federal question jurisdiction.  For these reasons, this court should deny Plaintiff's motion.

//
//

II.     BACKGROUND

     A.     SECTION 8 OF UNITED STATES HOUSING ACT

In 1937, Congress enacted the United States Housing Act, Pub. L. No. 75-412, 50 Stat. 889 (1937), "to address the shortage of affordable housing to low-income families" and "to remedy the unsafe housing conditions and the acute shortage of decent and safe dwellings for low-income families." 42 U.S.C. § 1437(1). Congress amended the Housing Act in 1974 by adding section 8, *id*. § 1437f, which established the Housing Choice Voucher Program (HCVP) to provide rental assistance to low-income tenants of privately-owned housing. *Id*. § 1437f(a). To implement the program, Congress authorized the United States Department of Housing and Urban Development (HUD) to enter into contribution contracts with local Public Housing Authorities (PHAs) that subsidize housing rentals for low-income families. 42 U.S.C. § 1437f(b). Federal law makes clear that participation in the Section 8 program is voluntary for landlords. *See* 42 U.S.C. § 1437f(d)(1)(A) ("[T]he selection of tenants shall be the function of the owner."); *id* § 1437f(o)(6)(B) ("Each housing assistance payment contract entered into by the public housing agency and the owner of a dwelling unit shall provide that the screening and selection of families for those units shall be the function of the owner"); 24 C.F.R. § 982.302(b) ("If the family finds a unit, and the owner is willing to lease the unit under the program . . .").

The PHA is responsible for selecting voucher recipients. Once a PHA issues a voucher, the voucher holder must search for a unit to rent from a landlord "willing" to enter the program. 24 C.F.R. § 982.302(a), (b).

A landlord cannot accept the "voucher" without compliance with the myriad of regulations and execution of contracts. Landlord must bind itself to a "housing assistance payments contract," 24 C. F.R. § 982.305, which imposes terms and conditions upon a participating owner that would not be required under state law. These include agreeing to the terms of a non-negotiable and non-modifiable three page Federal HUD addendum; not being permitted to consider non-payment of rent by the PSA as a breach of the lease, compliance with time-consuming maintenance, utilities and other service standards and inspections required under HCVP that are not otherwise required by law; permitting HCVP tenants to operate businesses from their apartments; and allowing certain government officials "full and free access to the contract unit...and to all accounts and other records of the owner...including the right to

examine or audit the records." Failure to meet these terms, no matter how minor or unintentional, or to comply with the myriad of federal requirements could result in termination of the right to receive payments from voucher funds. Housing Assistance Contract, Part B (Pet. App. At 278a-296a); 24 C.F.R. § 982.551(h)(5).

B.     SECTION 8 TENANCIES AT 355 FULTON STREET.

Trophy Properties V DE, LLC, purchased 355 Fulton Street, San Francisco, California in September, 2005. Ownership was subsequently transferred to Defendant Trophy Properties B10 DE, LLC a part of a refinance.

The building contains 41 residential apartments. The building was purchased subject to one section 8 contract, which remains. Neither Trophy Properties V DE, LLC nor Trophy Properties B10 DE, LLC have signed any new section 8 contracts at the building.

C.     UNDER FEDERAL ANALYSIS, PARTICIPATION IN SECTION 8 IS NOT A REASONABLE ACCOMMODATION TO A DISABILITY.

Plaintiff claims a right, through injunctive relief, to require Defendant Trophy Properties B10 DE, LLC to participate in the section 8 program as a reasonable accommodation to a disability. While there is no controlling authority on that issue, the Second Circuit of the United States Court of Appeals has ruled that participation in the section 8 program is not a reasonable accommodation to a disability as a matter of law because of the burdens of the program and Congress's clear intent to make the program voluntary. *Salute v. Stratford Greens Garden Apartments*, 136 F3d 293, 301 (1998).

III.    ARGUMENT.

Plaintiff's well-pleaded claim arises under federal law. A case arises under federal law where a "right or immunity created by the Constitution or laws of the United States" is an essential element "of the plaintiff's cause of action." *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California* 463 U.S. 1, 10, 11. In this case, Plaintiff specifically invokes the right to a section 8 contract with Defendant as an element of Plaintiff's discrimination claim and as a remedy to that claim. As such, Plaintiff's complaint arises out of federal law.

Plaintiff argues that Plaintiff's assertion of a right to the section 8 voucher is not an "essential element of the claim" because "[t]here is no dispute that plaintiff is entitled to the voucher." However,

1  Plaintiff's argument completely ignores the real issue, which is whether Plaintiff has a right to a section
2  8 contract with this Defendant in this building.  Resolution of that issue rests largely on rights conferred
3  by Federal law.  Moreover, Plaintiff has made a Federal right an element of his claim by specifically
4  pleading that right as a remedy.  For all of these reasons, the court should find that a federal question
5  exists and deny Plaintiff's motion to remand.

6  DATED:	August 29, 2008

8       /s/ Edward C. Singer, Jr
     Edward C. Singer, Jr.
9       Attorney for Defendants