STEPHEN L. COLLIER, SB#124887
TENDERLOIN HOUSING CLINIC, INC.
126 Hyde Street, 2nd Floor
San Francisco, CA 94102
Telephone:    (415) 771-9850
Facsimile:    (415) 771-1287

Attorney for Plaintiff
DANIEL YELEN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL YELEN,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>TROPHY PROPERTIES B10 DE, LLC, a California Limited Liability Company, CITIAPARTMENTS, INC., a California Corporation, CITIFUNDING GROUP, INC, a California Corporation, and DOES 1 through 30, inclusive.<br><br>　　　　　　Defendants. | Case No. C 08-02699 CRB<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND TO STATE COURT**<br><br>Date: September 19, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8, 19th Floor<br>　　　450 Golden Gate Avenue<br>　　　San Francisco, CA 94102 |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

# I.
# ARGUMENT

**A.  The Fact That Plaintiff's State Law Claims Concern Defendants' Participation in a Federal Program is Irrelevant to the Well-Pleaded Complaint Rule.**

Defendants acknowledge, as they must, that the well-pleaded complaint rule applies. For this court to have jurisdiction, the right or immunity plaintiff sues upon must be created by the Constitution or laws of the United States, and that right must be an essential element of the plaintiff's cause of action. *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 10-11 (1983). Defendants then misapply the rule by arguing that the "right" plaintiff seeks is a right to a Section 8 contract with defendants. However, plaintiff is not alleging he has a right *under the Section 8 program* to require defendants to accept his voucher. As defendants show in their opposition (page 2, lines 11-16), plaintiff has no right under the Section 8 program to require defendants to participate in the program. The program is voluntary.

Plaintiff does not plead that he has a right under the Section 8 program to require defendants to take his voucher. What he pleads is that under California disability discrimination law, defendants have discriminated against him by refusing to reasonably accommodate his disability and accept his Section 8 voucher, given the fact that they already participate in the program. (See Complaint, ¶13; Opposition, page 3, lines 9-10.) The right upon which his cause of action is based is not created by the 42 U.S.C. §1437f (the Section 8 program). It is based upon state disability law requiring reasonable accommodation.

Defendants' participation in the Section 8 program is an underlying fact in this action, not the right sued upon.  It is a program or service that defendants grant or deny their tenants in a discriminatory manner. Federal law is no more the right sued upon in this case than it would be if plaintiff was suing defendants because they did not allow him to use a pool or laundry room at the premises. Defendants are not required to provide a pool or laundry (i.e. it is voluntary), but if they do so, then they must provide these services in a non-discriminatory manner. Here, defendants participate in the Section 8 program for other tenants, but chose to

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND TO STATE COURT**                 1

not do so for plaintiff, even where it would be a reasonable accommodation and required under California law to do so, and therefore discriminatory.

What defendants are really arguing is that provisions of the Section 8 program establishing that the program is voluntary provide them a defense to plaintiff's causes of action. However, a federal defense does not confer subject matter jurisdiction. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987)[federal pre-emption is ordinarily a federal defense, and as a defense, does not appear on the face of a well-pleaded complaint; therefore, it does not authorize removal to federal court]; *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001). "By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." *Franchise Tax Bd. of State of Cal., supra,* 463 U.S. at 12 (quoting *Gully v. First National Bank,* 299 U.S. 109, 116 (1936)).

The conditions established by California's discrimination laws do not reference federal law or the Section 8 program. "Federal law becomes relevant only by way of a defense to an obligation created entirely by state law." *Id.* at 13. "[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.* at 14.

The rights and obligations of the Section 8 program are not an essential element of plaintiff's causes of action, and therefore there is no federal question jurisdiction.

**B.      Plaintiff's State Law Claims Do Not Require Resolution of a Substantial Federal Question.**

Nor have defendants made a case for jurisdiction because the state law claim necessarily raises a substantial and disputed federal issue. In order to "necessarily" raise a federal issue, the federal issue must actually be in dispute. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 313-15 (2005). There is no dispute that the Section 8 program is voluntary and that under the Section 8 program defendants are not

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND TO STATE COURT**                2

required to accept plaintiff's voucher.[1] Absent a discriminatory refusal under state law to accept plaintiff's voucher, defendants do not have to accept it. The federal issue here is not in dispute.

Moreover, accepting jurisdiction over this claim would have grave consequences to the "division of labor between state and federal courts." *Id.* at 313. "[T]he federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts." "[A]fter considering the 'welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system,'" *Id.,* it is clearly apparent that the federal court should not leap into this California landlord-tenant law dispute.

Landlord-tenant law is an area where state law dominates. "[T]ime and again, district courts have disclaimed jurisdiction over landlord-tenant disputes and remanded them to state court. *United Mutual Houses, L.P. v. Andujar,* 230 F.Supp.2d 349, 354 (S.D.N.Y.2002); *MTI Residential Services v. Alston,* 2007 WL 1695161, *2 (E.D.N.Y.). "It is appropriate for a federal court to abstain in landlord-tenant actions, as they involve complex questions of state law that bear on important state policy issues." *Id.* Therefore no substantial federal question is in dispute warranting the exercise of federal jurisdiction.

Finally, defendants' reliance on *Salute v. Stratford Greens Garden Apartments*, 136 F.3d 293 (2nd Cir. 1998), is misplaced. Plaintiff in that case brought a claim under the federal Fair Housing Act, 42 U.S.C. § 3604(f). Here, plaintiff does not plead a federal claim. Moreover, *Salute* concerned a landlord who did not already participate in the Section 8 program. Here, the defendants already participate, and the added burden of an additional tenant joining the existing program would be minimal. Also, *Salute's* reasoning that reasonable accommodation principles were not intended to remedy economic hardships

---

[1] Defendants erroneously attribute plaintiff's argument that the voluntary nature of the program is not in dispute, to the issue of whether a federal right is an essential element of their state law claim (Opposition, page 3, line 28). Whether the federal issue is in dispute is correctly considered in the analysis of whether the state law claims require resolution of a substantial federal question.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND TO STATE COURT**          3

associated with disability has been rejected in this circuit. *See Giebler v. M&B Associates*, 343 F.3d 1143 (9th Cir. 2003).

## II.

## **CONCLUSION**

Having no basis for federal question jurisdiction, defendants' removal to this Court was improper, and the case should be remanded back to state court.

Date: September 5, 2008

                                              /s/
                                    Stephen L. Collier
                                    Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 5, 2008, a copy of the foregoing:

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND TO STATE COURT**

was served electronically on defendants Trophy Properties B10 DE, LLC, CitiApartments, Inc., CitiFunding Group, Inc., by serving their attorney, Edward Singer, at the e-mail address submitted to the Court.

/s/
Mercy M. Gonzales