IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL YELEN,

    Plaintiff,

v.

TROPHY PROPERTIES B10 DE, LLC et al.,

    Defendants.

No. C 08-02699 CRB

**ORDER OF REMAND**

Plaintiff Daniel Yelen ("Plaintiff") originally filed this action against Trophy Properties B10 DE, LLC ("Trophy"), CitiApartments, Inc., and CitiFunding Group, Inc. (collectively "Defendants") in San Francisco County Superior Court. Defendants removed the case to federal court on the basis of federal question jurisdiction. Now pending before the Court is Plaintiff's motion to remand. After carefully considering the papers filed by the parties, the Court concludes that oral argument is unnecessary and GRANTS the motion to remand.

## ALLEGATIONS OF THE COMPLAINT

On September 1, 1992, Plaintiff commenced a one-year lease with a predecessor of interest of Trophy to lease an apartment at 355 Fulton Street, San Francisco. Complaint ¶¶ 1, 2. Plaintiff has been a tenant of 355 Fulton Street ever since. Complaint ¶ 2. On

December 20, 2007, Plaintiff was awarded a Section 8 Housing Choice voucher under 42 U.S.C. §1437f. Complaint ¶ 11. On December 24, 2007, Plaintiff requested that Defendants accept his voucher, and "noted in his request that he was disabled and requested that defendants reasonably accommodate his disability. . . ." Complaint ¶ 12. Plaintiff is disabled as defined under California Government Code §§12955.3, 12926(i) & (k). Complaint ¶ 10. Defendants refused his request. Complaint ¶ 14.

This lawsuit followed. Plaintiff's complaint contains ten causes of action, all state claims: (1) violation of California Government Code § 12900, et seq. (intentional discrimination on the basis of disability), (2) violation of California Government Code § 12900, et seq. (discriminatory effect against the disabled), (3) violation of California Civil Code § 51, (4) violation of California Civil Code § 54.1(b), (5) violation of San Francisco Administration Code §37.9, (6) violation of California Business & Professions Code sections 17200 et seq., (7) intentional infliction of emotional distress, (8) breach of covenant of good faith and fair dealing, (9) breach of covenant of quiet enjoyment, and (10) negligence. Complaint ¶¶ 21-61. In addition to damages, Plaintiff seeks an injunction requiring Defendants to accept his Section 8 voucher.

Defendants removed the complaint to this Court on the basis of federal question jurisdiction and Plaintiff moved to remand.

**DISCUSSION**

Courts in the Ninth Circuit "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Defendants, as the removing parties, bear the burden of establishing that removal was proper. See id.

Since there is no diversity of citizenship in this case, the "the propriety of removal turns on whether the case falls within the original 'federal question' jurisdiction of the United States district courts" under 28 U.S.C. § 1331. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 8 (1983). A district court has federal question jurisdiction under

2

28 U.S.C. § 1331 only if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Board, 463 U.S. at 27-28.

In determining whether the claim involves a federal question for subject matter purposes, the federal question must appear in the "well-pleaded complaint." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986). This means that "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." Id. The question of removal jurisdiction is determined by reference to the "well-pleaded complaint," because "a defendant may remove a case only if the claim could have been brought in federal court." Id.

Defendant's Notice of Removal does not establish federal question jurisdiction. First, the complaint, on its face, makes only state law claims; Plaintiff is not making his claims under 42 U.S.C. §1437f.

Second, Plaintiff's right to relief does not necessarily depend on the resolution of a substantial question of federal law. Plaintiff's complaint does not allege that Defendants violated 42 U.S.C. §1437f by not accepting his voucher. His complaint alleges that Defendants violated California's Fair Employment and Housing Act ("FEHA") by not reasonably accommodating his voucher request. What constitutes a reasonable accommodation under the FEHA does not involve a substantial federal issue.

Defendants argue that whether Defendants must accept Plaintiff's Section 8 voucher pursuant to FEHA rests largely on rights conferred under 42 U.S.C. §1437f. They also argue that because Plaintiff seeks an injunction requiring Defendants to participate in the Section 8 voucher program, which Congress intended to be voluntary, the complaint raises a substantial federal issue. The Defendants, however, do not cite any caselaw to support their argument. This omission is unsurprising given that because state law claims depend in some way on federal law does not mean that such claims "arise under" federal law. Hunter v. United Van Lines, 746 F.2d 635, 645 (9th Cir. 1984). "[T]he resolution of the federal question must play a significant role in the proceedings." Id. at 646. Here, Defendants have not come close to establishing that the role played by federal law in Plaintiff's claim is sufficient to give rise to

federal question jurisdiction. Moreover, Defendants' argument that an injunction is inappropriate because Congress intended the voucher program to be voluntary is a defense. "[A] case may *not* be removed to federal court on the basis of a federal defense." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987). Plaintiff's motion to remand is GRANTED.

Plaintiff also seeks an award of attorney fees pursuant to 28 U.S.C. § 1447(c) which provides that, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court finds that an award of expenses is appropriate. Accordingly, the parties are directed to meet and confer in an attempt to agree on the amount of expenses to be paid by Defendants. If the parties cannot agree, Plaintiff shall submit a declaration that details the expenses he seeks to recover, including any expenses incurred as a result of his fee submission. Such declaration shall be filed on or before September 19, 2008.

## CONCLUSION

As defendants' Notice of Removal does not establish this Court's jurisdiction of the removed action, this action is hereby REMANDED to the San Francisco Superior Court and Plaintiff is awarded his reasonable expenses incurred in obtaining remand.

**IT IS SO ORDERED.**

Dated: September 9, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE